STANLEY RAY v. THE STATE.

No. 20388. Delivered April 26, 1939.
Rehearing Denied June 7, 1939.

The opinion states the case.

*Wm. E. Davenport,* of San Angelo, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The offense is theft of property over the value of $50.00; the punishment assessed is confinement in the state penitentiary for a term of three years.

The record is before us without a statement of facts or bills of exception. The indictment appears to be sufficient to charge the offense. Consequently nothing is presented for review.

Appellant has filed a motion asking leave to file an amended transcript and prays for an order directing the Clerk of the District Court to file said amended transcript and statement of facts. The grounds stated by him in his motion are: (1) Because the State's evidence failed to show the value of the allegedly stolen property to be over $50; and (2) that the transcript fails to embrace appellant's motion for a new trial.

To this motion, appellant has attached what he terms "Exhibit A" which purports to be a statement of facts in question and answer form, but which is not authenticated as is required by law.

In the absence of a statement of facts in narrative form, properly authenticated, we cannot determine the sufficiency of the evidence to sustain his conviction. A certified copy of appellant's amended motion for a new trial, together with the State's contest thereto and the court's order overruling the same, appear in the transcript. No other complaint as to the incompleteness of the transcript is made. Consequently, we are at a loss to understand in what respect it is incomplete.

In the absence of any showing that the same is incomplete

in some particular, this Court would not be authorized to assume that it was so. We therefore overrule the motion.

The judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

The motion herein contains an affidavit of appellant's attorney seeking to excuse himself from apparent lack of diligence in not having filed a proper statement of facts in this case within a period of sixty days after November 12, 1938. He makes the statement in such affidavit that appellant was tried without being represented by an attorney; that this attorney's wife was sick for six months, and he was therefore unable to give such matter the proper attention. That after January 1, 1939, a new district attorney was in office, and he was unable to get either the old or the new district attorney to sign a statement of facts, but now, on the date of May 11, 1939, tenders a statement of facts in narrative form signed by the district judge alone, and asks us to consider the same. This we can not do. There is naught to show that there is any good reason for this belated filing of nearly one hundred and fifty days, and we do not think that it has been shown that such late filing was not due to a lack of diligence, nor is it shown that such failure was the result of causes beyond the control of appellant or his attorney.

We do not think any error, fundamental or otherwise, is shown herein, and the motion is overruled.